# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARVIN HARRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00242-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　In this action, Petitioner seeks to challenge his sentence imposed by the United States District Court for the Southern District of Florida in June 2000 after he was convicted of conspiracy to distribute cocaine. The Court concludes the challenges he raises go to the imposition of the sentence, not to the execution of the sentence. Thus, he was obligated to file a petition in the sentencing court rather than proceeding here under 28 U.S.C. § 2241. Due to the lack of habeas jurisdiction, the Court recommends the matter be **DISMISSED**.

**I.　　PROCEDURAL HISTORY**

　　　　Petitioner filed the instant federal petition on February 22, 2016, challenging both his sentence and the Bureau of Prisons' computation of that sentence. (Doc. 1). The petition indicates that on June 30, 2000, Petitioner was convicted in the United States District Court for the Southern District of Florida, of conspiracy to distribute cocaine, and sentenced to a mandatory minimum life sentence.

1

(Doc. 1, p. 10). Petitioner challenged that conviction and sentence with a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the sentencing court. The court denied that motion. (Id., p. 4). Petitioner sought permission from the United States Court of Appeals, Eleventh Circuit, to file a successive petition under § 2255 but that request was denied. (Id.).

Petitioner now brings this habeas petition, purporting to challenge the "legality and duration" of his confinement. (Doc. 1, p. 7). The petition raises two related arguments, and one separate claim. Specifically, Petitioner argues that (1) the mandatory minimum sentence imposed by the sentencing court was illegal because he was factually innocent of the underlying predicate convictions; (2) because the mandatory minimum sentence was illegal, Petitioner has already served his sentence and should be immediately released; and (3) the prior convictions used in his sentencing were not final at the time of sentencing and, therefore, the federal indictment was "void ab initio." (Doc. 1).

## II.  DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

1 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

2     Petitioner's allegations, discussed above, are a challenge to the sentence imposed, not to the administration or execution of that sentence.  As Petitioner candidly concedes, if the sentencing court had not imposed the mandatory minimum sentence required by the sentencing guidelines, he would have already completed his sentence.  Thus, his claims are, in reality, predicated on errors that occurred at the time of sentencing, and the purportedly improper execution of that sentence is merely a *consequence* of the claimed wrong, not the *cause*.  Thus, the proper vehicle for challenging such a legal mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

    Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati v. Henman, 843 F.2d 1160, 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If the petitioner fails to meet that burden, the sec. 2241 petition will be dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1061.

    In Ivy, the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or

successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255.  He <u>*must never have had*</u> the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding the underlying charges had not changed after his conviction and that he had an opportunity to raise such a claim in the past. Id. at 1061.

Petitioner is obligated to show that the § 2255 remedy is inadequate or ineffective. Redfield, 315 F.2d at 83. Petitioner has failed to do so. As in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in his earlier motions pursuant to § 2255. Therefore, Petitioner cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court. Moreover, as discussed above, the mere fact that he has already filed a § 2255 petition that was denied does not mean that the procedure is inadequate or ineffective. Aronson v. May, 85 S.Ct. at 5; Lorentsen v. Hood, 223 F.3d at 953.[1]

---

[1] The petition contends that § 2255 is inadequate because "jurisdiction under section 2241 properly lies in the district where petitioner is confined, and a federal prisoner authorized to seek relief under 2255 may seek relief under 2241 where exist [sic] the manner in which the sentence is being executed, as here, a void sentence preclude Petitioner a projected release date and Incarceration Credit to shorten the federal sentence." (Doc. 1, p. 5). However, as discussed previously, Petitioner

Accordingly, Petitioner has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d

---

is not challenging the execution of his sentence but, instead, is challenging the sentence itself, including the imposition of a mandatory minimum sentence premised upon prior state convictions that Petitioner argues should not have qualified him for the mandatory minimum federal sentence. Accordingly, there is no § 2241 jurisdiction unless Petitioner is entitled to the savings clause, which, as discussed elsewhere in this Findings and Recommendation, he is not.

893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion. This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. (emphasis supplied). Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted. Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Here, Petitioner's contention of actual innocence is premised upon the status of state criminal proceedings that apparently were used by the sentencing court in fashioning the sentence ultimately imposed. Even if Petitioner's legal argument were correct about the status of those prior convictions, that would not make him factually innocent of the crime charged, i.e., conspiracy to distribute cocaine.

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez,

204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 24, 2016**           **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Southern District of Florida. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.