UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARVIN HARRIS,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>Respondent. | No. 1:16-cv-00242-DAD-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO REOPEN THE PROCEEDING PURSUANT TO RULE 60(b)<br><br>(Doc. Nos. 22, 24) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2016, the court adopted the assigned magistrate judge's findings and recommendations (Doc. No. 4), dismissed petitioner's writ of habeas corpus, and directed the Clerk of the Court to enter judgment and close the case. (Doc. No. 11.) Judgment was entered that same day. (Doc. No. 12.)[1] On October 5, 2017, petitioner submitted a motion to reopen this closed action pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 22.) On December 18, 2017, petitioner submitted a second motion to reopen this action. (Doc. No. 24.)

/////

---

[1] On December 9, 2016, the Ninth Circuit Court of Appeals denied petitioner's requests for certificates of appealability. (Doc. No. 19.)

1

Federal Civil Procedure Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Petitioner presents three grounds upon which he believes the requested relief should be granted: clear error, newly discovered evidence, and intervening change in the law. (Doc. No. 22 at 7.) The court construes petitioner's motion to be brought under Rule 60(b)(1), (2), and (6), respectively. *Liberty Mut. Ins. Co.*, 691 F.2d at 441 (holding that a district court may correct an error of law under Rule 60(b)(1)); Rule 60(b)(2) (permitting relief where petitioner comes forward with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"); *Phelps v. Alameida*, 569 F.3d 1120, 1132 (9th Cir. 2009) (analyzing a habeas petition arguing intervening change in the law under Rule 60(b)(6)).

Motions made under Rule 60(b)(1), (2), and (3) may be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As stated above, judgment in this case was entered by this court on March 31, 2016. (Doc. No. 12.)

The pending motion to reopen the action was not filed until October 5, 2017, far more than one year after judgment was entered in this action. (Doc. No. 22.) Petitioner's motions under Rule 60(b)(1) and (2) will therefore be denied as untimely.

Rule 60(b)(6) permits the court to relieve a party from final judgment for any "reason that justifies relief." Relief under this provision "will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).

In support of his contention that he is entitled to have his case reopened due to an intervening change in the law, petitioner directs the court to the recent opinion of the Eleventh Circuit in *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).[2] The petitioner in *McCarthan* pleaded guilty in 2003 to being a felon in possession of a firearm under 18 U.S.C. § 922(g) and received a sentence enhancement under the Armed Career Criminal Act ("ACCA") for having suffered five prior convictions for a "serious drug offense" or "violent felony," including one conviction for escape. *Id.* at 1080. Following his conviction and sentencing, he unsuccessfully moved to vacate his sentence under 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel, but did not challenge the legality of his sentencing enhancement at that time. *Id.* Subsequently, the Supreme Court ruled that some forms of the crime of escape do not qualify as violent felonies under the ACCA. *See Chambers v. United States*, 555 U.S. 122, 130 (2009). Petitioner then sought to challenge his sentence under 28 U.S.C. § 2241, arguing that his original § 2255 motion was rendered "inadequate or ineffective" due to the intervening change in law. *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) ("Under the savings clause of § 2255 . . . a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'") (quoting § 2255).

The question in *McCarthan* was whether the intervening change in law that undermined the legality of the petitioner's sentence made his original § 2255 motion "inadequate or

---

[2] Petitioner was originally convicted in a District Court within the Eleventh Circuit.

ineffective," such that he was permitted to file a second challenge to that sentence. The Eleventh Circuit overruled a prior holding of that Circuit and held that it did not. *McCarthan*, 851 F.3d at 1099. Under the new rule in *McCarthan*, a petitioner seeking to collaterally attack the legality of his sentence must raise such an argument in his first § 2255 motion. Even if such an argument is contrary to controlling law, "a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *Id.* Because the petitioner in *McCarthan* had not challenged the legality of his sentence in his § 2255 motion, he was not entitled to do so via a § 2241 motion, despite the change in controlling law which arguably could have shortened the length of his sentence.

Here, petitioner offers no explanation as to how the holding of the Eleventh Circuit in *McCarthan* constitutes an "intervening change in law" that would allow him to challenge his conviction. *McCarthan* narrows rather than expands the ability of an individual such as petitioner to challenge his conviction and sentence, since it requires a petitioner to raise all legal challenges in the first § 2255 motion. That decision does not call into question the legality of petitioner's original sentence or conviction here. The court therefore finds that petitioner is not entitled to relief on that basis.

In his more recently filed motion to reopen this case, petitioner advances several new arguments as to why he should be permitted to proceed with his claim under 28 U.S.C. § 2241. (Doc. No. 24.) The court has reviewed these arguments and concludes that all of them amount to disagreements with the court's prior legal rulings. As stated above, however, challenges to legal conclusions under Rule 60(b)(1) must be made within one year of entry of judgment. Petitioner has failed to comply with this timeline.

Accordingly, petitioner's motions to reopen the proceeding (Doc. No. 22, 24) are denied.

IT IS SO ORDERED.

Dated: **December 21, 2017**

UNITED STATES DISTRICT JUDGE

4